**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNITED STATES OF AMERICA.

       -against-

RAYMOND CASTRO,

              Defendant.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
06-CR-478 (ADS)

**APPEARANCES:**

**Loretta A. Lynch, United States Attorney
for the Eastern District of New York**
Attorneys for the United States
610 Federal Plaza
Central Islip, NY 11722
    By: James G. McGovern, Assistant United States Attorney

**LaRusso & Conway**
Attorneys for the Defendant
300 Old Country Road, Suite 341
Mineola, NY 11501
    By: Joseph R. Conway, Esq., Of Counsel

**SPATT, District Judge**.

Presently before the Court is a motion by the Defendant Raymond Castro ("Castro") for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court finds that Castro is ineligible for a sentence reduction and therefore his motion is denied.

### I. BACKGROUND

On April 26, 2007, pursuant to a plea agreement with the Government, Defendant Raymond Castro pled guilty to a lesser-included offense of Count One of the indictment, which charged him with distributing five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The Pre-Sentence Report ("PSR") filed by the probation department found a total drug quantity of 8.21 grams of cocaine base and 1.4 grams of cocaine, resulting in a

1

base offense level of 26. In addition, the PSR noted that the Defendant was considered a career offender based on the nature of his prior convictions and hence his base offense level was increased to 34, pursuant to Guideline § 4B1.1(b)(2).

On July 30, 2007, a sentencing hearing was held. Accepting the facts in the PSR, the Court determined, based upon the quantity of drugs involved in his offense, that Castro had a base offense level of 26. The Court noted that the Defendant was a career offender with two prior felony drug convictions and a prior crime of violence, and thus had a Criminal History Category of VI. Then, applying the career offender guidelines to Castro's conviction of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (5 year mandatory minimum, 40 year maximum), the total offense level was raised to 34 pursuant to §4B1.1(b) (offense statutory maximum of 25 years or more). However, after a three-level reduction for acceptance of responsibility, the total offense level was 31. Accordingly, the Court found that the applicable Guidelines sentencing range was 188–234 months, with a 60–month statutory minimum. After consideration of the 18 U.S.C. § 3553 factors, including the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law, this Court sentenced Castro to a period of 152 months imprisonment followed by four years of supervised release—a non-guideline sentence that was 36 months below the minimum guidelines range.

Effective November 1, 2011, the United States Sentencing Commission ("Sentencing Commission") approved part A of Amendment 750, which altered the offense levels in § 2D1.1 of the U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines Manual") applicable to crack cocaine offenses (the "Guidelines Amendment"). See U.S.S.G. §2D1.1 (2011). In addition, the Sentencing Commission gave this amendment retroactive application. See U.S.S.G.

§ 1B1.10(c) (2011). Relying on the Guidelines Amendment, Castro now seeks a reduction in his sentence.

The parties disagree as to whether Castro is eligible for a sentence reduction. The Government contends that because Castro was sentenced as a career offender pursuant to § 4B1.1, he is ineligible for a sentence reduction. On the other hand, Castro contends that under the new drug quantity guidelines for crack cocaine, he should have a base offense level of 29, not 31, and thus his guideline range of imprisonment should now be 151–188 months instead of 188–235 months. The Defendant does not specifically address whether he is ineligible based upon his status as a career offender.

## II. DISCUSSION

### A. Relevant Law

As a general rule, a federal court "may not modify a term of imprisonment once it has been imposed". 18 U.S.C. § 3582(c); Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007). However, Congress has allowed an exception to that rule, providing in 18 U.S.C. § 3582(c)(2) that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The policy statement governing § 3582(c) proceedings is located in § 1B1.10 of the Guidelines Manual, and, effective November 1, 2011, gives retroactive effect to the Guidelines Amendments. See § 1B1.10(c).

In Dillon v. United States, --U.S.--, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010), the U.S. Supreme Court identified a two step-inquiry for courts to follow in adjudicating a motion for a sentence reduction under 18 U.S.C. § 3582(c). At the first step, a court must determine whether the defendant is eligible for a sentence reduction. Dillon, 130 S. Ct. at 2691. If, and only if, the court finds that the defendant is eligible for a sentence reduction under § 3582(c) and § 1B1.10, "then the second step of the analytical framework set forth in Dillon requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case'". United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010) (quoting Dillon, 130 S. Ct. at 2692).

In order for a defendant to be eligible for a sentence reduction, the defendant's applicable guideline range must have been lowered by the Guidelines Amendment. See § 1B1.10(a)(1); see also United States v. Johnson, 633 F.3d 116, 117 (2d Cir. 2011). Whether a defendant's guideline range would be lowered under the Guidelines Amendment requires a court to "determine the amended guideline range that would have been applicable to the defendant if the [Guideline Amendment] had been in effect at the time the defendant was sentenced". § 1B1.10(b)(1). "In making such determination, the court shall substitute only the [Guideline Amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. Application Note 1 to § 1B1.10 further clarifies that the applicable guideline range referenced in § 1B1.10 is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before any departure provision in the Guidelines Manual or any variance". § 1B1.10 Application Note 1(A).

4

### B. As to Whether the Defendant is Eligible for a Sentence Reduction

The Defendant does not dispute that he was sentenced under the Career Offender Guidelines, U.S.S.G. § 4B1.1. Under this guideline, "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." § 4B1.1(b). Thus, because the offense statutory maximum for Castro's crime at the time of sentencing was 25 years or more, his base offense level increased from 26 to 34. The Defendant now argues that under the new amendment, he would only be facing 20 years or more, but less than 25 years, and accordingly his offense level would only have increased from 26 to 32.

The Guidelines Amendment states that a court may reduce a defendant's term of imprisonment if the guideline range applicable to that defendant has been lowered. However, the Sentencing Commission has lowered the guideline sentencing range as set forth in the crack-cocaine guidelines in § 2D1.1, <u>not</u> the career-offender guidelines in § 4B1.1. This Court relied solely on the career-offender guidelines to determine Castro's sentence, a fact which even the Defendant recognizes. (<u>See</u> Deft. Mem. at 3) ("since Castro was a Career Offender, Section 4B1.1 of the Guidelines applied Castro's Career Offender Adjustment at a level 34.") "[T]he drug-guideline calculations had been made but, as here, were superseded by career-offender calculations and played no role in the defendant's ultimate sentence." <u>United States v. Dunbar</u>, 660 F.3d 54, 57 (1st Cir. 2011). Thus, the "Offense Statutory Maximum" in § 4B1.1 upon which career offender sentences depend, and which forms the basis of the Defendant's argument for resentencing, is not the guidelines range addressed by the Guidelines Amendment. The Defendant does not explain or offer any support for how the statutory maximums pursuant to 21

U.S.C. § 841 for Castro's crime that describe a 5 year mandatory minimum and 40 year maximum sentence, have been in any way altered by the Guidelines Amendment.

In addition, several federal courts, including the Second Circuit, have concluded that one sentenced as a career offender is not entitled to apply for resentencing based on a retroactive adjustment in the drug guidelines. See United States v. Martinez, 572 F.3d 82, 85 (2d Cir. 2009) ("[A] defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines."); United States v. Caraballo, 552 F.3d 6, 9–10 (1st Cir. 2008) (career-offender sentence not "based on" crack cocaine guideline); United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009) (collecting cases across circuits); United States v. Figueroa, No. 06 Civ. 40007, 2012 WL 113546, at *2 (D. Mass. Jan. 12, 2012) ("defendants sentenced under the career-offender guideline are ineligible for sentence reductions resulting from the amended crack-cocaine guidelines.").

This conclusion is not altered by the fact that the Court imposed a non-guidelines sentence. The Sentencing Commission explicitly stated when amending Section 1B1.10 that "the amendment . . . clair[ifies] that the applicable guideline range referred to in § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance . . ." U.S. Sentencing Comm'n, 76 Fed. Reg. 41332-01, 41334 (July 13, 2011). This resolved a circuit split "about when, if at all, the court applies a departure provision before determining the 'applicable guideline range' for purposes of 1B1.10". Id. (noting that the First, Second, and Fourth Circuits had applied certain departures in determining the applicable guideline range, whereas the Sixth, Eighth, and Tenth Circuits had defined the applicable guideline range as the one established before any departures). Accordingly, the Second Circuit's

holding in United States v. McGee, 552 F.3d 225 (2d Cir. 2009) that departures under U.S.S.G. § 4A1.3—the provision governing departures based on inadequacy of criminal history—are relevant when determining the applicable guidelines range of a defendant who otherwise qualifies as a career offender, is no longer good law.  See United States v. Rivera, 662 F.3d 166, 182 (2d Cir. 2011) (recognizing both McGee's abrogation and the fact that the defendant in Rivera would also not be eligible for a sentence reduction under the new amendment where the sentencing judge departed from the career offender guidelines based on the defendant's mental condition under U.S.S.G. § 5H1.3).

Therefore, "at least for purposes of a motion for a reduced sentence, the record discloses that defendant was sentenced as a career offender under U.S.S.G. § 4B1.1.  Consequently, under settled case law in this Circuit, he is ineligible for a reduction in sentence based on the crack cocaine amendments." U.S. v. Mock, 612 F.3d 133, 135 (2d Cir. 2010) (citing United States v. Martinez, 572 F.3d 82, 85–86 (2d Cir. 2009) (per curiam)).

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**
Dated: Central Islip, New York
January 20, 2012

                                          */s/ Arthur D. Spatt*
                                          ARTHUR D. SPATT
                                        United States District Judge